IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. TDC-21-226** |
| | : | |
| **MAURICE ANDERSON** | : | |
| | : | |
| **Defendant** | : | |

**MOTION TO SEVER OR BIFURCATE COUNT TWO**

Comes now, Mr. Maurice Anderson, through undersigned counsel, and respectfully moves

this Honorable Court pursuant to Federal Rule of Criminal Procedure 14(a) to sever Count Two in

the indictment for a separate trial, or, in the alternative, to conduct a bifurcated trial on Count Two.

In support of this motion, Mr. Anderson states as follows:

I.      **Background**

Mr. Anderson is charged in a three-count indictment with assault with a deadly weapon

with intent to cause bodily injury under 18 U.S.C. § 113(a)(3) (Count One), felon in possession of

a firearm and ammunition under 18 U.S.C § 922(g)(1) (Count Two), and carrying a handgun in a

vehicle under Maryland Crim. Art. § 4-203(a), which is in turn charged via the Assimilative Crimes

Act, 18 U.S.C. § 13(a) (Count Three). ECF No. 13. The basic factual allegations contained in

discovery are that on May 28, 2021, Mr. Anderson was driving a car in slow-moving traffic on the

Baltimore-Washington Parkway ("the Parkway) when he pointed (but did not fire) a handgun at

another driver. ECF No. 1-1 at 1–3. Mr. Anderson was eventually stopped at a gas station in Laurel,

Maryland, where U.S. Park Police Officers allegedly discovered two firearms in Mr. Anderson's

car. At present, all three counts are joined in one charging instrument and will presumably proceed

to a single trial.

## II.      Argument

Rule 8(a) and 14(a) of the Federal Rules of Criminal Procedure address the propriety of joining and trying multiple offenses together in the same indictment. Rule 8(a) allows for the joinder of multiple offense when, *inter alia*, the charges are "based on the same act or transaction." But Rule 14(a) provides that "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" when "the joinder of offenses or defendants in an indictment . . . for trial appears to prejudice a defendant or the government." Read together, these two rules contemplate that "joinder under Rule 8(a) can be proper and, at the same time, severance can be required." *United States v. Cardwell,* 433 F.3d 378, 387-88 (4th Cir. 2005). In other words, the potential for unfair prejudice may be such that the Court must (or may) sever some counts to ensure the defendant receives a fair trial. *See id.*

Severance is required whenever "there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Id.* The Fourth Circuit made clear in *United States v. Foutz* that Rule 14 severance is warranted if joinder brings about any of the following "three sources of prejudice":

(1)      the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated;

(2)      the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or

(3)      the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

540 F.2d 733, 736 (4th Cir. 1976).

As to § 922(g) cases specifically, there are "obvious and inherent dangers in trying felon in possession counts with other charges" as joinder of these offenses allows the government to "introduce otherwise inadmissible evidence of the defendant prior convictions, thereby potentially tainting the verdict rendered by the jury on the other counts." *United States v. McCarter*, 316 F.3d 536, 538 (5th Cir. 2002). It is true severance is not *automatic* whenever in every case with a felon in possession count. *United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984). However, courts have recognized that the risks of prejudice in particular felon cases in may nonetheless require severance. *See, e.g.*, *United States v. Hawkins*, 776 F.3d 200, 209–12 (4th Cir. 2015) (prejudice resulted from improper joinder of § 922(g) and carjacking counts in that it introduced "unrelated bad conduct (the felon-in-possession of a gun)"); *United States v. Gunn*, 968 F. Supp. 1089, 1096 (severance of drug and § 922(g) charges required to prevent "prejudice . . . stemming from the government's introduction of prior crimes evidence in a joint trial").

In this case, joinder of the felon in possession charge in Count Two would unfairly prejudice Mr. Anderson and thus severance (or at least bifurcation) is required under Rule 14(a).[1] Indeed, for several reasons, prejudice in Mr. Anderson's case would be particularly acute.

Most fundamentally, trying Count Two together with the Counts One and Three would result in the third type of *Foutz* prejudice. That is, upon hearing evidence of Mr. Anderson's past conviction the jury would conclude that Mr. Anderson is dangerous or has bad character. In a § 922(g)(1) prosecution, the evidence will necessarily require proof of felony status which would normally be inadmissible under Federal Rule of Evidence 404(b). *McCarter*, 316 F.3d at 538 (noting that a § 922(g)(1) count "acts as a conduit through which the government may introduce otherwise inadmissible evidence of the defendant's prior convictions"). There is a real risk that

---

[1] Mr. Anderson concedes that Count 2 is likely properly joined under Rule 8(a).

evidence of a felony conviction will "taint the jury's deliberation" by leading the jury to make an improper inference about the defendant's "criminal propensity." *Gunn*, 968 F. Supp. at 1095. This is because evidence of past wrongs "weigh[s] too much with the jury and to so overpersuade[s] them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Michelson v. United States*, 335 U.S. 469, 476 (1948). Thus, when "trying an ex-felon count with other counts, the trial judge must 'proceed with caution' to avoid undue prejudice." *United States v. Dockery*, 955 F.2d 50, 53 (D.C. Cir. 1992) (quoting *United States v. Daniels*, 770 F.2d 1111, 1118 (D.C. Cir. 1985)); *see also United States v. Aldrich*, 169 F.3d 526, 528 (8th Cir. 1999) (noting prejudice flowing from evidence of a prior felony often "requires either severance, bifurcation, or some other effective ameliorative procedure" (quoting *United States v. Jones*, 16 F.3d 487, 492 (2d Cir. 1999)).

For these reasons, trying Counts One through Three together in this case would invite unfair prejudice and would cause Mr. Anderson to receive an unfair trial. Mr. Anderson's alleged status as a "felon"[2] has nothing whatsoever to do with whether is guilty on Counts One and Three, and would normally be inadmissible under Rule 404(b). Yet, this evidence of "criminal disposition" would inevitably come out at a joint trial. *Foutz*, 540 F.2d at 736. The jury would then be less inclined to afford him the presumption of innocence and proof beyond a reasonable doubt on other counts. Severance is necessary to be prevent this prejudice from taking place.

Second, and relatedly, the risk of prejudice is particularly high here because the government's evidence on the lead count—aggravated assault under 18 U.S.C. § 113(a)(3)—is quite weak. Courts have recognized that evidence of past wrongdoing tends to be more unfairly

---

[2] It appears that Mr. Anderson's only criminal conviction is a misdemeanor handgun possession charge that was brought when Mr. Anderson was 17 years old.

prejudicial when the government's case on other charges is less than overwhelming. *See, e.g.*, *Hawkins*, 776 F.3d at 212 (noting, that where the government's case on a carjacking case was "not overwhelming" and the jury learned of the defendant's felony convictions, "it is possible that the jury found him guilty . . . under the rationale that with so much smoke there must be fire" (quoting *Foutz*, 540 F.2d at 739)); *Foutz*, 540 F.2d at 739 (finding acquittal on one robbery count highly likely if the jury had not learned of a second robbery); *United States v. Singh*, 261 F.3d 530, 534 (5th Cir. 2001) (finding that prejudice from introduction of felony convictions on "weakly supported" gun charges "seriously and improperly prejudiced" the defendant on other counts). This is because, when the evidence on one count is weak, the jury might convict "not based on the evidence attributable to that count" but instead based on the evidence of past crimes. *United States v. Johnson*, Crim. No. 4L12cr83, 2013 WL 276056, *6 (E.D. Va. Jan. 24, 2013).

Such evidentiary weakness is present in this case. Section 113(a)(3) "requires proof of (1) an assault, (2) with a dangerous weapon (3) with the intent to do bodily harm." *United States v. Sturgis*, 48 F.3d 784, 786 (4th Cir. 1995) (emphasis added). "Assault" as used throughout § 113 is not a statutorily defined term and takes on its common law meaning. *See United States v. Passaro*, 577 F.3d 207, 217–18 (4th Cir. 2009). Thus, "assault" occurs "when a person willfully attempts to inflict injury on another, or threatens to inflict injury on another, coupled with the apparent present ability to do so, causing reasonable apprehension of immediate bodily harm." *United States v. Bird*, 409 F. App'x 681, 686–87 (4th Cir. 2011). Applying this definition to § 113(a)(3) in particular, which also includes elements of intent to cause bodily injury and use of a dangerous weapon, the government must show that Mr. Anderson:

> (1) Attempted to injure the alleged victim with a dangerous weapon with the intent to cause bodily injury; or

(2) Threatened to injure the alleged victim with a dangerous weapon when presently able to make good on this threat, causing reasonable apprehension of bodily harm, and with the intent that this threat would itself cause bodily injury.[3]

*See* § 113(a)(3); *Bird*, 409 F. App'x at 686–87.

It is unclear how the government believes it will successfully prove the intent element of § 113(a)(3) here. It is an old adage that one usually intends the natural consequences of one's actions, and pointing but not firing a weapon does not naturally result in bodily injury. Thus, unless the government is shielding an essential part of its case from view, there will be evidence at trial of a threat but not a threat which Mr. Anderson intended to result in bodily injury. This is surely insufficient under § 113(a)(3). Indeed, counsel has searched in vain for a single § 113(a)(3) case where the government proved "intent to cause bodily injury" from the mere fact of pointing a weapon. If anything, the authorities suggest that such meager evidence cannot sustain proof of § 113(a)(3)'s intent element. *See, e.g.*, *Holloway v. United States*, 526 U.S. 1, 11 n.13 (1999) (noting that "courts have held that a threat to harm does not in itself constitute intent to harm or kill" and discussing a 19th century case in which the court held that "proof of leveling of a gun or pistol" did not show "intent to kill or murder"); U.S.S.G. 2A2.2 n.1 (application guideline commentary explaining that an assault with intent to cause bodily injury is done "not merely to frighten"); *United States v. Dat Quoc Do*, 994 F.3d 1096, 1102 (9th Cir. 2021) (noting the government's concession at oral argument that it could not prove the intent element of § 113(a)(3) when the defendant tailgated the victim's car and then fired a gun into the air).

---

[3] Notably, the plain language of § 113(a)(3) excludes cases where the defendant merely threatened to cause bodily, but did not actually intend for injury to occur. This is because § 113(a)(3) requires that the "assault" itself (*i.e.*, the threat itself) be made with the intent to "do bodily harm." Cases of pure threats to cause bodily harm would presumably be punishable instead as simple assault under § 113(a)(5).

A case with weak evidence such as this one presents a heightened risk prejudicial joinder. Given the lack of firm proof on the assault count, the jury may well be tempted to convict Mr. Anderson "not based on the evidence attributable to that count" but instead based on the evidence of past crimes. *Johnson*, 2013 WL 276056, at \*6. As a result, this case is a prime candidate for severance under Rule 14(a).

Finally, Mr. Anderson also will be subject to the second type of *Foutz* prejudice in that he will be "confounded in presenting [a] defense" on the § 922(g) count. This is a case where the government has elected to prosecute Mr. Anderson for felon in possession of a firearm despite the apparent fact that his only criminal conviction is a misdemeanor charge for possession of a handgun stemming from when he was 17 years old. This case is still young and both the discovery process and defense counsel's investigation are ongoing. But it seems plausible that Mr. Anderson will be able to present a defense to the felon in possession count under the newly-decided *Rehaif. v. United States*, 588 U.S. ____ (2019) on the grounds that he was not aware of his status as a "felon" who was disqualified from possessing a firearm.

In past cases where the Fourth Circuit has affirmed denials of severance, it has emphasized that defendants may mitigate unfair prejudice by stipulating to the existence of a felony conviction. *Cardwell*, 433 F.3d at 388. This stipulation prevents the jury from hearing about the "facts *about* the felony (if not the fact *of* the felony)." *Id.* Indeed, entering into such stipulations—sometimes called *Old Chief* stipulations—has been common practice in § 922(g)(1) cases for years.

But following *Rehaif*, any defendant who wishes to hold the government to its burden of proving his actual knowledge of his disqualified status will not be able to avail himself of an *Old Chief* stipulation and the jury would hear at least some information about the previous conviction. The Fourth Circuit has not addressed *Rehaif*'s impact on severance issues in felon in possession

cases. But some courts have already recognized that this new problem "poses a significant risk of prejudice" and may warrant severance under Rule 14(a) when a defendant wishes to present a *Rehaif* defense. *United States v. Martinez*, No. CR 18-00100-MV, 2019 WL 3719073, at *4 (D.N.M. Aug. 7, 2019). This new source of prejudice in Mr. Anderson's case presents yet another reason for the Court to sever Count Two and conduct a separate trial on the felon in possession charge. Given all the reasons listed above, this is exactly the type of case where joinder is technically allowed under Rule 8(a), but severance is nonetheless required pursuant to Rule 14(a).

However, even if the Court decides not to grant severance, it should at least bifurcate the proceedings such that the same jury hears evidence on the Count Two, but only after it returns a verdict on Count One and Three. Rule 14(a) allows the court to counteract prejudicial joinder by granting severance or "provid[ing] any other relief that justice requires." As such, "[b]ifurcation of particular counts for sequential trial is a form of discretionary relief broadly permitted by" Rule 14(a). *United States v. Chikvashvili*, No. JKB-14-0423, 2016 WL 1585263, at *1 (D. Md. Apr. 19, 2016), *aff'd*, 859 F.3d 285 (4th Cir. 2017).

In this case, bifurcation would be an imperfect remedy, but is certainly better than proceeding to a fully joined trial. Even a bifurcated jury would view Mr. Anderson with unfair prejudice because evidence from Counts One and Three would still be front of mind when the jury deliberates on Count Two. That said, the jury would be unaware of Mr. Anderson's status as a "felon" when deliberating on Counts One and Three, and this would address some of the sources of prejudice identified above. Thus, in the alternative, Mr. Anderson additionally asks the Court to conduct a sequential, bifurcated trial in this case.

### III.     Conclusion

WHEREFORE, Mr. Anderson respectfully moves this Honorable Court to sever Count

Two in the indictment for a separate trial, or, in the alternative, to conduct a bifurcated trial on

Count Two.

### REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the

District of Maryland, the Defendant requests a hearing on this motion.


Respectfully submitted,
James Wyda
Federal Public Defender
 for the District of Maryland

___/s/_____
Nate Smith (#813194)
Assistant Federal Public Defender
6411 Ivy Lane
Suite 710
Greenbelt, Maryland 20770
Phone: (301) 344-0600
Fax: (301) 344-0019
Email: nate_smith@fd.org